**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY BOEHM | ) | Case No. : |
| 20110 Lorain Rd, Apt 317 | ) | |
| Fairview Park OH 44126 | ) | Judge |
| | ) | |
| Plaintiff, | ) | **Class Action Complaint** |
| | ) | |
| -vs- | ) | **Jury Demand Endorsed Herein** |
| | ) | |
| MENU FOODS, INC. | ) | |
| 9130 Griffith Morgan Lane | ) | |
| Pennsauken, NJ  08110 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MENU FOODS GENPAR LIMITED (aka | ) | |
| MENU FOODS LIMITED) | ) | |
| 8 Falconer Drive | ) | |
| Streetsville, ON , L5N 1B1 | ) | |
| Canada | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MENU FOODS INCOME FUND | ) | |
| 8 Falconer Drive | ) | |
| Streetsville, ON , L5N 1B1 | ) | |
| Canada | ) | |
| Defendants. | ) | |

For his complaint against Defendants Menu Foods, Inc., Menu Foods Gen Par Limited and Menu Foods Income Fund (hereinafter "Menu Foods" or "Defendants"), named Plaintiff Gregory Boehm (hereinafter "Plaintiff"), acting on his own behalf and on behalf of the Class of persons defined below, states as follows:

1. Plaintiff makes the allegations contained herein based upon knowledge as to his own acts and upon information and belief.

2. This is a class action seeking redress for damages suffered by the Class resulting from Defendants' improper and unlawful sale of contaminated and/or adulterated pet food products from a period beginning on or about November 8, 2006 to the present (hereinafter "pet food products").

3. This action is brought on behalf of all noncommercial purchasers who purchased Menu Foods pet food products for personal use in the state of Ohio from November 8, 2006 through and including March 16, 2007.

4. On behalf of himself and Class Members, Plaintiff seeks, among other remedies, injunctive relief, equitable relief, statutory damages and compensatory damages for the unlawful practices perpetrated by Defendants in connection with the production, marketing, labeling, manufacturing, and sale of Menu Foods pet food product.

5. These class action claims arise out of the unfair, deceptive and/or unconscionable acts of Menu Foods, Inc., Menu Foods Gen Par Limited, and Menu Foods Income Fund for the production, marketing and sale of adulterated pet food products to consumers. Menu Foods, Inc., Menu Foods Gen Par Limited, and Menu Foods Income Fund's conduct is a violation of the Ohio Consumer Sales Practice Act R.C. §1345.02 and §1345.03. Menu Foods Inc., Menu Foods Gen Par Limited, Menu Food Income Fund's conduct is also a breach of warranty under Ohio law.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this civil action, since this is a matter in which the amount in controversy exceeds the sum or value of

$75,000.00 exclusive of interest and costs, and is between either citizens of different states and/or citizens of a state and citizens or subjects of a foreign state.

7. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(2) as a substantial portion of the events or alleged omissions giving rise to the claims asserted herein occurred in this Judicial District.

## PARTIES

8. The Plaintiff Gregory Boehm is an individual who resides at 20110 Lorain Road, Apartment 317, Fairview Park, Ohio 44126 in Lorain County, Ohio. The Plaintiff is a noncommercial purchaser who purchased Menu Foods pet food products for personal use in the state of Ohio from November 8, 2006 through and including March 16, 2007.

9. Defendant Menu Foods Inc. is a New Jersey corporation with its principal place of business located at 9130 Griffith Morgan Lane, Pennsauken, NJ 08110.

10. Defendant Menu Foods GenPar Limited (also known as Menu Foods Limited) is an Ontario corporation which does business through marketing, shipping, manufacturing, and selling its pet food products in the United States. Menu Foods GenPar Limited is headquartered at 8 Falconer Drive, Streetsville, Ontario, L5N 1B1, Canada.

11. Defendant Menu Foods Income Fund is an Ontario Special Trust which does business in the United States through its wholly owned subsidiaries in Canada and the United States. These subsidiaries are in the business of pet food production and market, ship, manufacture, and sell its pet food products in the United States. Menu Foods Income Fund is headquartered at 8 Falconer Drive, Streetsville, Ontario, L5N 1B1, Canada.

## FACTUAL BACKGROUND

12. Menu Foods owns, controls, manages and/or is related to entities that manufacture, produce, supply, distribute, market, label and sell pet food products.

13. Menu Foods is a leading private/label contract manufacturer of pet food products sold by supermarket retailers, mass merchandisers, pet retailers, and other wholesale retail outlets.

14. Menu Foods' business includes manufacturing, producing, supplying, distributing, marketing, labeling and selling pet food products under various brands and/or third-party entities.

15. Menu Foods produces hundreds of millions of pouches or containers of pet food products each year throughout the United States, a substantial portion of which are sold or offered for sale in Ohio.

16. Menu Foods desires that its customers, consumers and others who purchase or consider purchasing its pet food products, under their various labels and brands, believe that the pet food is safe for consumption and contributes to and promotes the health and well-being of pets.

17. Menu Foods manufactures, produces, supplies, distributes, markets, labels and sells its pet food products with the purpose or design that it will be purchased for pet consumption, regardless of brand name or place of purchase.

18. Menu Foods is required to affix labels to its pet food products in accordance with Federal Trade Commission and other federal regulations.

19. The labels affixed to Menu Foods pet food products misrepresented the quality and quantity of the contents of said products, including, but not limited to, the amount of protein contained therein in violation of applicable federal regulations.

20. Menu Foods actively represented to its customers, consumers and others who purchased or considered purchasing its pet food products, under their various labels and brands, that its pet food products are safe for consumption and contribute to and promote the health and well-being of pets.

21. In fact, Menu Foods knew or should have known from November, 2006 through the present that its pet food products were not and are not safe for consumption and did not and do not contribute to and promote the health and well-being of pets.

22. Despite knowledge to the contrary, Menu Foods continued to manufacture, produce, supply, distribute, market, label and sell adulterated and/or contaminated pet food products under the false pretense that said products were safe for consumption and contributed to and promoted the health and well-being of pets.

23. Menu Foods did not recall its adulterated and/or contaminated pet food products until the end of the business day on March 16, 2007.

24. Menu Foods knew or should have known that national, regional, and/or local distributors would distribute Menu Foods pet food products to offer them for sale in Ohio to be purchased by pet owners for consumption by pets.

25. Menu Foods knew or should have known that millions or tens of millions of pouches or packages of its pet food products would be advertised, promoted and sold in Ohio, including a significant amount of the contaminated and/or adulterated pet food products.

26. The Plaintiff did in fact purchase Menu Foods' contaminated and/or adulterated pet food products at a supermarket in Cleveland, Ohio to feed Menu Foods' contaminated and/or adulterated pet food products to his pet cat, Oscar.

27. As a result of consuming Menu Foods' contaminated and/or adulterated pet food products, Oscar suffered through a fatal illness and died.

28. The Plaintiff suffered severe emotional injuries as a direct and proximate result of Menu Foods deceptive, unfair, and or unconscionable conduct.

## CLASS ACTION ALLEGATIONS

29. The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

30. This action is brought by Plaintiff individually and on behalf of a Class pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."). The Class meets the prerequisites required under Fed.R.Civ.P. Rule 23(a) and the requirements defined under Fed.R.Civ.P. Rules 23(b)(1)(A) and 23(b)(3).

31. This matter is appropriate for Class certification under the following definition of the Class (hereinafter referred to as "Class Members" or "the Class"):

> "All noncommercial purchasers who purchased Menu Foods pet food products for personal use in the state of Ohio from November 8, 2006 through and including March 16, 2007."

32. Each Class Member was harmed by the conduct of Menu Foods through its production, marketing, labeling, and sale of the adulterated and/or contaminated pet food products.

33. The Class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the Class, the claims of the representative party are typical of the claims of the Class, and the representative party will fairly and adequately protect the interests of the Class, which includes adequacy of the party and his her counsel.

34. Joinder of all Class Members is impracticable. Menu Foods produced, marketed, labeled, and sold its pet food products to thousands of consumers in Ohio during the defined class period.

35. There are numerous and substantial questions of law and fact common to all Class Members which control this litigation and which predominate over any individual issues.

36. The Class claims here are based on a scheme of unfair and deceptive conduct by the Defendants and are thus particularly subject to common proof.

37. The conduct of Menu Foods was uniform as to all of the Class Members.

38. The issue of whether Menu Foods committed an unfair or deceptive act and/or breached a warranty by producing, marketing, labeling and selling adulterated pet food products to its consumers for the purpose of feeding their household animals is determinative with respect to the merits of all of the Class Members' claim.

    A. All of the Class Members purchased a Menu Foods pet food product during the period in which Menu foods was producing, marketing, labeling, and selling contaminated pet food products.

    B. Menu Foods pet food products were contaminated to a degree that caused serious illness and death in a substantial number of household pets.

    C. The labels affixed to Menu Foods pet food products were misleading and in violation of applicable federal regulations.

    D. Menu Foods' conduct in relation to each of the Class Members was virtually identical.

    E. Menu Foods knew or had reason to know of the adulteration of their pet food product and consistently intentionally, knowingly or negligently affirmatively misrepresented the product.

    F. Menu Foods intentionally, knowingly, or negligently misrepresented that its pet food products promoted the health and well-being of consumers' household pets.

    G.    Menu Foods represented that the product was of a particular grade, standard, or quality, when it was not, by omitting material information concerning the danger of the product from the label affixed thereto.

    H.    Menu Foods failed to warn Plaintiff and Class Members of the true dangers of the pet food product.

39. The claims of the Plaintiff are typical of the claims of the Class. Menu Foods used a common scheme in the production and sale of the adulterated pet food product which underlies all of the claims of the Class against Menu Foods.

40. The representative party will fairly and adequately represent the interests of the Class.

41. Both the Plaintiff and his counsel meet the adequacy requirement.

42. The Plaintiff is not antagonistic to the other Class Members and is, in fact, similarly situated with respect to Menu Foods. The interests of the Plaintiff in this matter are identical to those of the Class Members.

43. The Plaintiff's legal counsel has a time-honored reputation for competency, experience and skill in handling complex litigation, including class actions. The Plaintiff's counsel's ability to skillfully litigate cases such as the present case is well-documented.[1] The Plaintiff's counsel has dedicated and will continue to dedicate high levels of legal skill and devotion to the vigorous prosecution of this class action litigation.

44. A class action is a superior method to other methods of resolution. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    A.    The expense and burden of individual litigation are impediments to individual members of the Class seeking redress for the wrongful conduct alleged.

---

[1] With regards to Murray and Murray see, e.g., *Warner v. Waste Mgt., Inc.*, 36 Ohio St.3d 91, (1988); *Cope v. Metro. Life Ins. Co.*, 82 Ohio St.3d 426, 696 N.E.2d 1001.
With regards to Benesch, Friedlander, Coplan, and Aronoff see, eg., *Deborah Levine, et al v. DSW, Inc.*, Cuyahoga Common Pleas, Case No. CV 06 586371 (2006); *Charles E. Holster III, Individually and on Behalf of All Others Similarly Situation v. Gatco, Inc. d/b/a/ Folio Associates*, E.D.N.Y. Case No. 05-CV-2534.

    B.    Further, prosecution of separate actions against Menu Foods would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct regarding Menu Foods and the production and sale of food.

45. The current action is maintainable under both Fed.R.Civ.P. Rule 23(b)(1)(A) and Rule 23(b)(3) standards.

46. The class action is maintainable under Fed.R.Civ.P. Rule 23(b)(1)(A) because Menu Foods used a common scheme to systematically produce and sell pet food, for consumption by the consumers' pets, that Menu Foods knew or should have known would lead to serious illness and/or the death of the consumers' pets.

47. The issues involved in this action relate directly to the conduct of Menu Foods and have very little relation to any differences that may exist with respect to individual Class Members. The differences are limited to the extent of damage incurred by each Class Member.

48. If each individual Class Member was required to bring a separate action, there is a substantial risk that the numerous outcomes may establish incompatible standards.

49. This action is maintainable under Fed.R.Civ.P. Rule 23(b)(3) because a question of law or fact predominates over any question affecting only individual members and that a class action is the superior method to other mechanisms available.

    A.    This action involves almost exclusively identical issues among the Class Members.

    B.    The questions of law and fact arise out the standard conduct of Menu Foods. Individual issues that may arise are limited to those with respect to damages.

    C.    A class action is the superior method to the alternatives: such as joinder, a test case and administrative proceedings. The large number of Class Members makes joinder impracticable. Litigation is too costly for individuals to each bring an individual claim due to the relatively small claim per Class Member. The test case is not a superior method because Menu Foods would likely settle individual claims to prevent adjudication of liability and a test case scenario would likely require follow-up litigation, which would be avoided by a class action.

50. The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. Furthermore, by way of a class action, the Court can determine the rights of all Class Members with judicial economy.

## COUNT ONE
## VIOLATION OF THE OHIO
## CONSUMER SALES PRACTICES ACT

51. The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

52. Defendants are suppliers within the meaning of Ohio Revised Code Section 1345.01(C) in that each engaged in the business of effecting or soliciting a consumer transaction with the Plaintiff, i.e. the sale of a pet food product to the Plaintiff herein.

53. The Plaintiff is a consumer within the meaning of R.C. 1345.01(D).

54. The Plaintiff's purchase from a Giant Eagle store in Cleveland, Ohio of the pet food product called Iams Select Bites, plant code 1497, batch date 6339, which was manufactured and supplied by Menu Foods constitutes a consumer transaction within the meaning of R.C. 1345.01(A).

55. Defendants engaged in unfair and/or deceptive acts or practices in connection with the sale of pet food products to Plaintiff and Class Members, including but not limited to, representing that the product was of a particular grade, standard, or quality, when it was not, by omitting material information concerning the pet food product from the label affixed thereto and by failing to warn Plaintiff and Class Members of the true dangers of the pet food product.

56. Defendants engaged in unconscionable acts or practices in connection with the sale of their pet food products to Plaintiff and Class Members, including but not limited to, representing that the product was of a particular grade, standard, or quality, when it was not, by omitting

material information concerning the product from the label affixed thereto, and by failing to warn Plaintiff and Class Members of the true dangers of the pet food product.

57. Defendants affixed labels to their pet food products that misrepresented the quality and quantity of the content of said products in violation of applicable federal regulations.

58. Defendants' labels misled the Plaintiff and Class Members in violation of applicable federal regulations and State laws.

59. Defendants' conduct in mislabeling the quality and quantity of their pet food products was unfair, deceptive and unconscionable.

60. Defendants knew, beginning in November 2006, and at the time the consumer transaction was entered into, that the pet food product was adulterated or contaminated and thus knew of the inability of the consumer to receive a substantial benefit from the purchase of the pet food product.

61. Upon information and belief, Menu Foods knowingly made a misleading statement or statements of opinion, from November 2006, on which the consumer was likely to rely to his detriment.

62. The Defendants knew or reasonably should have known that the pet food product they manufacture, market, label and sell is potentially dangerous and is likely to cause serious illness and/or death to the animal who consumes the pet food which leads to the financial loss and serious mental anguish of the consumer for whom they manufacture, market and sell this product.  The Defendants knew or reasonably should have known that this danger could significantly harm the Plaintiff.

63. Defendants did not inform and, in fact, concealed from the Plaintiff that the pet food product they manufacture, market, label and sell is potentially dangerous to the consumers' pets and

thus the financial situation and mental state of the consumer. To the contrary, the Defendants allowed and encouraged the Plaintiff through advertising and other marketing materials to believe that he could obtain great benefits through the quality of the pet food product.

64. By manufacturing, marketing, labeling and selling the pet food product to the Plaintiff without disclosing the severity of the risks involved, Defendants knowingly and intentionally made misleading statements of fact with respect to the benefit the Plaintiff could receive from the pet food product.

65. Through systematic advertising and packaging, the Defendants routinely represent Menu Foods pet food product as a safe and high quality food which will serve to keep consumers' household pets safe and healthy. This expression as to the safety and quality of the product without disclosure of the substantial risk of serious illness and death to the pet is intended to make the consumer believe that the product is safe and will promote health and well-being in his pet so the consumer will purchase and use the product.

66. Menu Foods' violation of the federal rules regulating the accuracy of product labels with regards to the quality and quantity of the contents of its pet food products constitutes notice in accordance with the Ohio Consumer Sales Practice Act.

67. Menu Foods was on notice that they were violating the Ohio Consumer Sales Practice Act through the body of law, including, but not limited to, the decisions and declarations of Ohio courts, that states that the sale of contaminated and/or adulterated products is prohibited.

68. Menu Foods was on notice that their conduct was a deceptive, unfair and/or unconscionable act as defined by the Ohio Consumer Sales Practices Act.

69. As a result of Defendant's unfair, deceptive and/or unconscionable practices, Plaintiff and Class Members are entitled to a refund of the full purchase price paid for the pet food

products together with damages as specified in R.C. 1345.09 including but not limited the emotional damages suffered by Plaintiff and the Class Members.

## COUNT TWO
## BREACH OF WARRANTY

70. The Plaintiff hereby incorporates by reference all well-pleaded allegations contained in the preceding paragraphs as if fully rewritten herein.

71. Menu Foods manufactured, sold, distributed, marketed and/or promoted the pet food product that was ingested by Plaintiff and Class Member's household pets.

72. The pet food product ingested by Plaintiff's and Class Members' household pets was expected and did reach the household pets without substantial change in condition.

73. Menu Foods, and its agents and employees, in manufacturing, selling, distributing, labeling, supplying, marketing and/or promoting Menu Foods expressly and impliedly warranted that the pet food product was not unreasonably dangerous and was merchantable and fit for its intended use by Plaintiff and Class Members.

74. Menu Foods, their agents and employees, breached those warranties in that the pet food product was not merchantable, was unfit for its intended use and was unreasonably dangerous in light of the risk of illness and death on the part of the pet that ingested the pet food product.

75. As a direct and proximate result of Menu Foods breaches of warranty, warranties upon which Plaintiff and Class Members relied in giving the pet food product to their household pet for ingestion, Plaintiff and Class Members suffered severe emotional injury and financial loss.

**WHEREFORE**, plaintiff and the Class Members demand judgment, jointly and severally, against defendants as follows:

13

A. On all Counts, for an order declaring that this action may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for an order certifying this case as class action;

B. On all Counts, for compensatory damages on behalf of Plaintiff and the Class members in an amount to be proved at trial;

C. On Count I for treble damages in accordance with the Ohio Consumer Sales Practice Act, including but not limited to emotional damages;

D. On all Counts, for an order that Plaintiff and the Class be awarded all expenses, costs and disbursements incident to the prosecution of this action, including reasonable attorneys' fees;

E. On all Counts, punitive and/or exemplary damages in an amount appropriate to punish defendants for their conduct and to deter defendants and others from engaging in future like conduct;

F. On all Counts, for interest and costs; and

G. For such other and further relief as allowed by law and/or as is equitable under the circumstances.

Respectfully Submitted,

**/s/ John T. Murray**
John T. Murray (Reg # 0008793)
Dennis E. Murray Sr. (Reg # 0008783)
Leslie O. Murray (Reg# 0081496)
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
P.O. Box 19
Sandusky, Ohio 44870
Telephone: 419-624-3000
FAX: 419-624-0707

Jeremy Gilman (Reg. # 0014144)
Nicole Dorsky (Reg. # 0079202)
Benesch, Friedlander, Coplan & Aronoff LLP
200 Public Square #2300
Cleveland, OH 44114-2378
Telephone: (216) 363-4500
FAX: (216) 363-4588

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial as to all causes of action and issues so triable.

        Respectfully Submitted,

        **/s/  John T. Murray**
        John T. Murray (Reg # 0008793)
        Dennis E. Murray Sr. (Reg # 0008783)
        Leslie O. Murray (Reg# 0081496)
        MURRAY & MURRAY CO., L.P.A.
        111 East Shoreline Drive
        P.O. Box 19
        Sandusky, Ohio 44870
        Telephone: 419-624-3000
        FAX: 419-624-0707

        Jeremy Gilman (Reg. # 0014144)
        Nicole Dorsky (Reg. # 0079202)
        Benesch, Friedlander, Coplan & Aronoff LLP
        200 Public Square #2300
        Cleveland, OH 44114-2378
        Telephone: (216) 363-4500
        FAX: (216) 363-4588

        Attorneys for Plaintiff